# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JOSE LUIS CRUZ-MELENDEZ,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 16-2170 (ADC)**
**[Related to Crim. No. 09-423-4 (ADC)]**

## OPINION AND ORDER

On June 21, 2016, José Luis Cruz-Meléndez ("petitioner") pro se and through the Federal Public Defender, filed a petition to vacate and correct his sentence under 28 U.S.C. § 2255 in relation to Criminal Case No. 09-423, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). **ECF Nos. 1, 5**. The government filed a response in opposition. **ECF No. 6.** For the following reasons, the petition and supplemental petition are **DENIED**. **ECF Nos. 1, 5.**

Petitioner pleaded guilty to one count of conspiring to interfere with commerce by threat or violence, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"); and one count of using, carrying, and brandishing a weapon in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). **Crim. No. 09-423, ECF No. 260**. According to the plea agreement, petitioner and several others conspired to steal firearms from Mudafort Extreme Sports, a Federal Firearms Licensee engaged in interstate and foreign commerce, and possessed guns in execution of the robbery. **Crim. No. 09-423, ECF No. 161** at 12–15. On July 30, 2012, the Court entered judgment,

sentencing petitioner to thirty-three months for the robbery offense and sixty months for the weapons offense, for a total imprisonment term of ninety-three months. *Id*.

Under the weapons statute at issue, section 924(c), there are two alternate definitions of "crime of violence." One is premised on whether the statutory elements of the predicate offense—here, the predicate offense is Hobbs Act robbery—include "the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). This provision is commonly referred to as the "force clause." The other definition is premised on a case-by-case analysis of whether the predicate offense "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3)(B). This provision is referred to as the "residual clause."

Petitioner asserts a two-pronged argument to claim that there is no statutory basis for his conviction and sixty-month sentence under the weapons statute. **ECF No. 5.** Petitioner argues that because *Johnson* invalidated a statutory provision under the Armed Career Criminal Act ("ACCA"), which was similarly-worded to the residual clause here, the residual clause must also be unconstitutional. *Id*. And, upon finding the residual clause unconstitutional, his weapons conviction remains valid only if his Hobbs Act robbery conviction meets the definition of a "crime of violence" under the force clause, which he contends it does not. *Id*.

The Court first notes that petitioner is not challenging a sentence issued under the ACCA, rendering *Johnson*'s retroactive application, and thus the timing of his habeas petition,

questionable.[1] *See* 28 U.S.C. § 2255(f); **Misc. No. 16-196**. Nonetheless, assuming petitioner's claim is procedurally appropriate, it can be disposed of out of hand.

The First Circuit Court of Appeals has rejected both prongs of petitioner's argument in *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018) and *United States v. García-Ortíz*, 904 F.3d 102 (1st Cir. 2018). In *Douglas* the Court held that the residual clause is not unconstitutionally vague and must be analyzed on a case-by-case basis to ascertain whether the charges at hand meet the residual clause's definition of "crime of violence." 907 F.3d at 4. And, in *García-Ortíz*, the Court of Appeals held that robbery under the Hobbs Act specifically qualifies as a "crime of violence" under the force clause. 904 F.3d at 109. Where only one of the definitions of "crime of violence"—under either the residual clause or the force clause—need apply to sustain petitioner's weapon conviction, that Hobbs Act robbery categorically meets the force clause's standard ends the inquiry.

Accordingly, the petition and supplemental petition for habeas relief are **DENIED. ECF Nos. 1, 5**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of March, 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[1] Remarkably, petitioner concedes that his arguments are foreclosed by binding First Circuit precedent and admits that he raises them simply "to preserve them for further review." **ECF No. 5** at 6–7.